IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:08CR388–HEH |
| ) | |
| DOUGLAS R. OLGERS, ) | |
| ) | |
| Petitioner. ) | |

**MEMORANDUM OPINION**
**(Denying 28 U.S.C. § 2255 Motion)**

Douglas R. Olgers, a federal inmate proceeding *pro se*, filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("2255 Motion," ECF No. 34). The Government requests that the Court deny the § 2255 Motion on the grounds that, *inter alia*, the statute of limitations bars the § 2255 Motion. Despite receiving *Roseboro* notice,[1] Olgers has not responded. For the reasons set forth below, the § 2255 Motion will be denied as barred by the statute of limitations.

Olgers pled guilty pursuant to a written plea agreement to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Plea Agreement 1, ECF No. 19.) Because Olgers had been previously convicted of two prior felonies, under United States Sentencing Guidelines ("USSG") § 2K2.1(a)(2), his base offense level was twenty-four (24).[2] (Presentence Report ("PSR") Worksheet A at 1.) On July 21, 2009,

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[2] Olgers received a three-point reduction for acceptance of responsibility, resulting in a total offense level of 21 and criminal history category of VI, resulting in a sentencing range of seventy- seven to ninety-six months. (PSR Worksheet D at 1.)

the Court entered final judgment and sentenced Olgers to ninety-six months of imprisonment. (J. 2, ECF No. 29.) Olgers filed no appeal.

On August 6, 2012, Olgers executed his § 2255 Motion and presumably placed it in the prison mail system. (§ 2255 Mot. 7.) In his § 2255 Motion, Olgers asserts that in light of *United States v. Simmons*, 649 F.3d. 237 (4th Cir. 2011),[3] his "two prior felony convictions used to aggravate his base offense level no longer qualify as federal felonies" thus, "his base offense level . . . was incorrectly calculated." (Mem. Supp. § 2255 Mot. 1.)

Olgers's challenge to the calculation of his sentence under the guidelines fails to state a cognizable claim for § 2255 relief. *See United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999) (explaining that "barring extraordinary circumstances" error in calculation of Sentencing Guidelines not cognizable on habeas); *see also United States v. Goines*, 357 F.3d 469, 477 (4th Cir. 2004) (citations omitted) ("[G]uidelines claims ordinarily are not cognizable in § 2255 proceedings."); *Milan v. United States*, --- F. Supp. 3d ----, No. 1:09cr228, 2014 WL 5454394, at *5 (E.D. Va. Oct. 24, 2014)

---

[3] In *Simmons*, the United States Court of Appeals for the Fourth Circuit

> overruled prior decisions and held that, in deciding whether to enhance federal sentences based on prior North Carolina convictions, we look not to the maximum sentence that North Carolina courts could have imposed for a hypothetical defendant who was guilty of an aggravated offense or had a prior criminal record, but rather to the maximum sentence that could have been imposed on a person with the defendant's actual level of aggravation and criminal history.

*United States v. Powell*, 691 F.3d 554, 556 (4th Cir. 2012) (citing *Simmons*, 649 F.3d at 241). The Fourth Circuit has found that *Simmons* applies retroactively to cases on collateral review. *United States v. Bowman*, 561 F. App'x 294, 298 (4th Cir. 2014) (citing *Miller v. United States*, 735 F.3d 141, 145–47 (4th Cir. 2013)).

(challenge to criminal history category not cognizable in § 2255); *cf. Hawkins v. United States*, 706 F.3d 820, 823–24 (7th Cir. 2013), *cert. denied*, 134 S. Ct. 1280 (2014); *Sun Bear v. United States*, 644 F.3d 700, 705–06 (8th Cir. 2011) (en banc) (challenges to career offender status under guidelines not cognizable in § 2255). Olgers fails to demonstrate any extraordinary circumstances that would allow the Court to reach the validity of the guidelines sentence at this late juncture.[4]

Accordingly, Olgers's § 2255 Motion (ECF No. 34) will be denied and the action will be dismissed. A certificate of appealability will be denied.[5]

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: March 24, 2015
Richmond, Virginia

---

[4] The Court also notes that Olgers's § 2255 Motion is untimely filed. Because Olgers did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Tuesday, August 4, 2009—the last date to file an appeal. *See United States v. Clayton*, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:04CV122, 4:01CR16, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (effective until December 9, 2009) (requiring defendant to file an appeal within ten (10) days of the entry of judgment). Thus, Olgers had until Wednesday, August 4, 2010 to file any motion under 28 U.S.C. § 2255. Because Olgers did not file his § 2255 Motion until August 6, 2012, the statute of limitations bars the § 2255 Motion. To the extent Olgers argues that he is entitled to a belated commencement under § 2255(f)(3) because *Simmons* was a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" he is incorrect. *Simmons* "is not a Supreme Court decision recognizing a new right, [thus] it likewise cannot be invoked in connection with the limitation period onset contemplated by § 2255(f)(3). *Bowman*, 561 F. App'x at 298.

[5] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Olgers has not satisfied this standard. Accordingly, the Court will deny a COA.